UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DENARD EDWARD CARRINGTON,

                                    Petitioner,

    v.

UNITED STATES OF AMERICA.

Criminal Action No. 3:09–CR–160
Civil Action No. 3:11–CV–670

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner Denard Edward Carrington's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion")(ECF No. 71), Motion for an Evidentiary Hearing (ECF No. 73), and Motion for Summary Judgment (ECF No. 78.). Petitioner seeks collateral review of his conviction and sentence for Possession of a Firearm in Furtherance of a Drug Trafficking Crime. For the reasons stated below, the Court DENIES Petitioner's motions.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On May 19, 2009, a federal grand jury returned a three-count indictment charging Petitioner with Possession with the Intent to Distribute 500 grams or more of Cocaine Hydrochloride, in violation of 21 U.S.C. §841(a)(Count One); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(Count Two); and Possession of Firearms/ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1)(Count Three). Petitioner was arraigned on the indictment on June 4, 2009, and a jury trial was scheduled for August 3, 2009.

A federal grand jury returned a five-count Superseding Indictment against Petitioner on July 20, 2009, charging Petitioner with: Conspiracy to Distribute Cocaine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count One); Possession with the Intent to Distribute 500 grams or more of Cocaine Hydrochloride, in violation of 21 U.S.C. § 841(a)(Count Two); Possession of Firearms in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(Count Three); Possession of Firearms/ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1)(Count Four); and Possession of an Unregistered Firearm, in violation of 26 U.S.C. § 5681(d)(Count Five). Petitioner was arraigned on the Superseding Indictment on July 31, 2009, and upon his Motion to Continue, the trial was rescheduled for October 5, 2009.

The charges stem from the execution of a search warrant by law enforcement on April 21, 2009 of the home that Petitioner shared with his girlfriend. From the search of the master bedroom, police recovered an AK 47 assault rifle; a Mac-10 machine gun; a Glock Model 31, .357 caliber pistol; and assorted ammunition. Police also recovered cocaine hydrochloride, three digital scales with residue, drug packaging materials, a money counter, $30,000 in U.S. currency underneath Petitioner's mattress, and a safe inside the bedroom closet containing an additional $25,500 in U.S. currency.

Prior to the start of the two-day trial, the Government dismissed Count One, and Petitioner pled guilty to Possession of Firearms/ammunition by a Convicted Felon under Count Four. Before the second day of the trial proceeded, Petitioner pled guilty to Count Two, Possession with the Intent to Distribute 500 grams or more of Cocaine Hydrochloride, and to Count Five, Possession of an Unregistered Firearm. Petitioner proceeded to trial and was convicted of Count Three, Possession of Firearms in Furtherance of a Drug Trafficking

Crime. Specifically, the jury found that Petitioner possessed an SKS assault rifle; a Mac-10 Machine Gun; a Glock 31, .357 caliber handgun; and ammunition.

On January 14, 2010, the Court sentenced Petitioner to 60 months' imprisonment on Counts Two, Four, and Five, to run concurrently, and to 360 months' imprisonment on Count Three, to run consecutively to the 60-month term of imprisonment on Counts Two, Four, and Five, for a total of 420 months' imprisonment. Petitioner filed an appeal on January 15, 2010, arguing that the Government failed to offer sufficient evidence of a nexus between the firearms found in his residence and the furtherance of his drug activities. The Fourth Circuit affirmed Petitioner's conviction and the Court's judgment, but remanded the matter to correct a clerical error. Petitioner filed a Motion for Declaratory Judgment on May 18, 2011 challenging his conviction for Count Three under § 924(c)(1)(B)(ii). After the Court denied this Motion, Petitioner filed a Motion for Reconsideration, which was also denied. Petitioner appealed the denial of his Motion for Declaratory Judgment on June 20, 2011, and the Fourth Circuit again affirmed the Court's judgment on August 23, 2011.

Petitioner raises the following five (5) grounds for relief under 28 U.S.C. § 2255:

1. In light of the subsequently decided *United States v. O'Brien*, 130 S.Ct. 2169 (2010), Petitioner's conviction and sentence under § 924(c)(1)(B)(ii) is unlawful, and his counsel was ineffective in failing to object.

2. The Court committed prejudicial error by instructing the jury that Petitioner's guilty plea to Count Two established the first element of Count Three, and Petitioner's counsel was ineffective in failing to object.

3. Under *O'Brien*, Counsel was ineffective in misadvising Petitioner on the § 924(c)(1)(B)(ii) elements, leading Petitioner to waive his right to testify based on a flawed understanding of the elements of the offense.

4. The Court committed prejudicial error by disclosing to the jury that Petitioner pled guilty to Count Two, thus violating his right against self-incrimination, and Petitioner's counsel was ineffective in failing to object.

5. Petitioner's counsel was ineffective in failing to object to a violation of the Speedy Trial Act, 18 U.S.C. § 3161.

Petitioner's Motion for Summary Judgment is specific to his first § 2255 claim, namely that, given *O'Brien*, § 924(c)(1)(B)(ii) was unlawfully applied to Petitioner.

## II.      LEGAL STANDARD

Under 28 U.S.C. § 2255, a prisoner in federal custody may attack his sentence if: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). To prevail, the movant bears the burden of proof by a preponderance of the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). A claim that does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a miscarriage of justice. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979). To show that a denial of the § 2255 motion would result in a miscarriage of justice, the petitioner must show actual innocence by clear and convincing evidence. *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999).

Ineffective assistance of counsel claims under the Sixth Amendment are examined under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To succeed under *Strickland*, a petitioner must show both that: (1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered actual prejudice. *Id.* The first *Strickland* prong requires the petitioner to "'show that counsel's representation fell below an objective standard of reasonableness' measured by 'prevailing professional norms.'" *Lewis v. Wheeler*, 609 F.3d 291, 301 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at

688). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. When making an ineffective assistance of counsel determination, a court must consider "the practical limitations and tactical decisions that counsel faced." *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991).

The second prong of *Strickland* requires the petitioner to show that counsel's errors were serious enough to deprive the petitioner of a fair trial. *Strickland*, 466 U.S. at 687. In essence, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. If it is clear the petitioner has failed to satisfy either prong of the *Strickland* standard, a court need not inquire into whether he satisfied the other. *Id.* at 697.

A habeas petitioner may move for summary judgment pursuant to Federal Rule of Civil Procedure 56, *see Maynard v. Dixon*, 943 F.2d 407, 412 (4th Cir. 1991), and summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party bears the burden of establishing the nonexistence of a triable issue of fact, *see Celotex*, 477 U.S. at 325, and if the court finds that there is a genuine issue of material fact, the motion must be denied, 10A Charles Alan Wright & Arthur R. Miller,

Federal Practice and Procedure § 2720 (3d ed. 2011). The court must typically construe a *pro se* plaintiff's pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III.  DISCUSSION

### A.  MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255

*1.  Claim 1: The Court erroneously sentenced Petitioner under § 924(c)(1)(B)(ii) and his counsel was ineffective in failing to object.*

Under § 924(c)(1)(B)(ii), a defendant who possesses a machine gun in furtherance of a drug trafficking crime is subject to a mandatory minimum of 30 years. *See* § 924(c)(1)(B)(ii). Petitioner's first claim is that the Court erred under *O'Brien* by sentencing him to the 30-year mandatory minimum under § 924(c)(1)(B), and that his counsel's failure to object violated his right to effective assistance of counsel.

Petitioner's challenge to his conviction and sentence under § 924(c)(1)(B) centers around whether the fact that a firearm for which a defendant is charged under § 924(c) is a machine gun is an element that must be proved to the jury beyond a reasonable doubt, or alternatively, whether this fact is a sentencing factor considered by the judge. The relevant authority at the time, *United States v. Harrison*, found that a defendant's possession of a machine gun under § 924(c) is a sentencing factor rather than an element of the offense. *See Harrison*, 272 F.3d 220, 225-26 (4th Cir. 2001)("[A]s a provision marking out a separate offense, § 924(c)(1)(B) would be incomplete; it sets forth no determinate sentence or even any upper limit on sentencing. It makes sense only as a sentencing factor that cabins a judge's discretion when imposing a sentence for the base offense in § 924(c)(1), for which the maximum penalty is life imprisonment.") However, the Fourth Circuit later held in *O'Brien* that "[t]he machinegun provision in § 924(c)(1)(B)(ii) is an element of an offense," and thus, must be charged in the indictment and proved to a jury

beyond a reasonable doubt. *O'Brien*, 130 S.Ct. at 2180. *See id.* at 2174 ("Elements of a crime must be charged in an indictment and proved to a jury beyond a reasonable doubt.")

Petitioner argues that his conviction for § 924(c)(1)(B)(ii) is unconstitutional because (1) the Superseding Indictment charged him with § 924(c)(1)(A) (which carries a lower mandatory minimum) rather than § 924(c)(1)(B)(ii), and (2) the Court instructed the jury that the Government needed to only prove beyond a reasonable doubt that Petitioner committed the drug trafficking offense charged in Count Two and that he possessed a firearm in furtherance of that offense. Petitioner argues that his conviction is improper under *O'Brien* because the jury did not find that the firearm he possessed is "a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler," § 924(c)(1)(B)(ii), and was not instructed to make such a finding unanimously and beyond a reasonable doubt. Although the jury selected on a Special Verdict Form that Petitioner was guilty of Possessing a Firearm in Furtherance of a Drug Trafficking Crime, and that he specifically possessed a Mac-10 Machine gun in furtherance of his drug trafficking activities, Petitioner argues that the jury's determination as to the specific firearms possessed was superfluous since this determination was the Court's to make under *Harrison*. Accordingly, Petitioner claims that the Court committed per se prejudicial error in sentencing him under § 924(c)(1)(B)(ii), and therefore, he is entitled to summary judgment. Petitioner further asserts that his counsel was ineffective in failing to object.

Petitioner's claim that his sentence under § 924(c)(1)(B)(ii) is unconstitutional and his related ineffective assistance of counsel claim both fail. Firstly, a review of the Superseding Indictment reveals that Petitioner was charged in Count Three with possessing firearms in furtherance of a drug trafficking crime, specifically including a Mac-

10 Machine Gun. The Superseding Indictment correctly cited § 924(c) as the relevant statutory provision, and Petitioner was clearly aware that he faced penalties under § 924(c)(1)(B)(ii) since his Motion to Continue references the 30-year mandatory minimum.

Secondly, the Court correctly instructed the jury that to convict Petitioner under Count Three, it needed to find beyond a reasonable doubt that he committed the crime alleged in Count Two, and that he knowingly possessed a firearm in furtherance of that crime. (*See* Tr. 182:21-183:5; 188:19-190:14.) The Court listed the specific firearms that were alleged in Count Three (Tr. 188:21-189:6), and defined the term "machine gun." (Tr. 192:18-193:3.) In addition to these instructions, the jury received a Special Verdict form which directed them to identify upon which of the enumerated firearms their guilty verdict was based. Although Petitioner now argues that the Special Verdict Form was superfluous because the Court was authorized under *Harrison* to decide the firearms at sentencing, it is notable that Petitioner himself requested this Special Verdict Form to enable the jury to determine which firearms he possessed in furtherance of his drug trafficking acts. (Tr. 147:12-24.) Regardless of whether the prevailing law at the time required the jury to determine the firearms, the Special Verdict Form shows that the jury did expressly find Petitioner guilty with respect to the Mac-10 Machine Gun, as well as each of the other firearms listed in Count Three. Accordingly, the record evidence is clear that the machine gun provision in § 924(c)(1)(B)(ii) was charged in the Superseding Indictment and found by the jury beyond a reasonable doubt. For these reasons, Petitioner's claim that his sentence was unconstitutional in light of *O'Brien* fails.

With regard to Petitioner's claim that his counsel was ineffective in failing to object to his sentence under § 924(c)(1)(B)(ii) or to the jury instructions, Petitioner must show

both that his attorney's performance fell below an objective standard of reasonableness measured by prevailing professional norms, and that he was actually prejudiced. *Strickland*, 466 U.S. at 687. In this case, trial counsel's performance was not deficient because *O'Brien*, which changed the otherwise applicable law under *Harrison*, was not decided at the time of Petitioner's trial or sentencing. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995)("an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law.") Most significantly, Petitioner cannot show that he was prejudiced since the jury ultimately did find beyond a reasonable doubt that he possessed a machine gun in furtherance of a drug trafficking offense. For these reasons, Petitioner has not proven that his conviction or sentence under § 924(c)(1)(B)(ii) were unconstitutional or that his trial counsel was ineffective under *Strickland*. Therefore, the Court DENIES Claim One and also DENIES Petitioner's Motion for Summary Judgment on Count One.

> 2. *Claims 2 and 4: The Court erred in advising the jury that Petitioner's guilty plea to Count Two satisfied the first element of Count Three, and his counsel was ineffective in failing to object.*

Petitioner's second claim is that the jury instructions, which advised the jury that the first element of Count Three (that Petitioner committed the offense charged in Count Two) was established by Petitioner's admission of guilt to Count Two, impermissibly amounted to a directed verdict. Petitioner's fourth claim is that, in informing the jury of Petitioner's guilty plea to Count Two, the Court violated his right against compulsory self-incrimination. Petitioner further asserts that his trial counsel was ineffective for failing to object to the alleged errors in both claims.

With regard to Petitioner's second claim, he asserts that the Government was required to prove every element of Count Three beyond a reasonable doubt, and that the

jury instruction that the first element of Count Three was established by his admission of guilt to Count Two resulted in "a partially directed verdict in favor of the [G]overnment on element one." (Pet'r's Reply 7.) *See United States v. Milton*, 52 F.3d 78, 81 (4th Cir. 1995)(holding that even if a defendant charged with possession of a firearm by a felon has stipulated to the prior qualifying felony, "the district court must instruct the jury that the government must prove beyond a reasonable doubt that at the time the defendant possessed the firearm he had a qualifying previous felony conviction"). Petitioner claims that he was prejudiced by this error and also that his counsel was ineffective in failing to object. *See United States v. Johnson*, 71 F.3d 139, 143-45 (4th Cir. 1995)(holding that harmless error review was inapplicable to the district court's error in instructing the jury on the conclusiveness of an essential element of the charged offense).

In response, the Government argues that because Petitioner did not raise this claim upon appeal, the claim is procedurally defaulted unless Petitioner can show both (1) cause excusing his procedural default, and (2) actual prejudice resulting from the errors he alleges. *United States v. Frady*, 456 U.S. 152, 167-68 (1982). The Government represents that Petitioner has shown neither, and further argues that even if the Court were to consider the merits of this claim, the Court did not commit any error since Petitioner's guilty plea essentially constituted a stipulation to the first element of Count Three.

Petitioner's second claim alleging that the jury instructions amounted to a directed verdict is procedurally defaulted and he has failed to show cause and actual prejudice for this default. A petitioner may not assert claims on collateral review that he could have raised on direct appeal but failed to, *Stone v. Powell,* 428 U.S. 465, 478 n.10 (1976); *United States v. Linder*, 552 F.3d 391, 396–97 (4th Cir. 2009), unless he shows cause for the

procedural default and actual prejudice, or that a miscarriage of justice would result. *See Frady*, 456 U.S. at 167–68; *Mikalajunas*, 186 F.3d at 493; *United States v. Landrum*, 93 F.3d 122, 124–25 (4th Cir. 1996). "A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim." *Gray v. Stevenson*, No. 4:11-00227-CMC-TER, 2012 U.S. Dist. LEXIS 36169, at *36 (D. S.C. Jan. 24, 2012); *see Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Mikalajunas*, 186 F.3d at 493. A petitioner may prove actual prejudice if the errors he complains of "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170 (emphasis in original). To show that a miscarriage of justice would result from a denial of the § 2255 motion, the petitioner must show actual innocence by clear and convincing evidence. *Mikalajunas*, 186 F.3d at 493.

In this case, Petitioner has not challenged the assertion that he failed to raise this claim on direct appeal, and he does not claim that his appellate counsel was ineffective or otherwise allege cause for defaulting this claim. Therefore, the Court need not consider whether he has shown actual prejudice. *See Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995)(declining to consider whether the petitioner could show actual prejudice after finding that he could not establish cause). Further, Petitioner has not proven his actual innocence by clear and convincing evidence, thus he has not shown a fundamental miscarriage of justice. For these reasons, the Court need not proceed further regarding the merits of this procedurally defaulted claim. *See Karsten v. Kaiser Found. Health Plan*, 36 F.3d 8, 11 (4th Cir. 1994). However, Petitioner's related ineffective assistance of counsel claim is not defaulted since ineffective assistance claims "are cognizable on direct appeal only

where it conclusively appears on the record that defense counsel did not provide effective representation." *United States v. Powell*, 680 F.3d 350, 359 (4th Cir. 2012). Accordingly, the Court will consider the merits of Petitioner's claim that his counsel was ineffective in not objecting to the instruction that his guilty plea established an element of Count Three.

Petitioner has not satisfied either prong of *Strickland* regarding his counsel's failure to object to the jury instruction. Firstly, given that Count Three explicitly incorporates Count Two by reference, Petitioner has not shown that it was objectively unreasonable for his counsel to not object to the instruction that his admission of guilt to Count Two established an element of Count Three. Secondly, Petitioner has not shown that he was prejudiced by his counsel's failure to object, as the instant case is distinct from the cases which Petitioner cites in support. For instance, in *Johnson*, the Fourth Circuit found that harmless error review was not applicable when the trial judge conclusively instructed the jury that the bank that the defendant allegedly robbed was a federal credit union, despite the fact that the defendant did not enter a guilty plea, stipulate, or otherwise concede this factual element of the Armed Credit Union Robbery offense he was charged with. *See Johnson*, 71 F.3d at 141. In contrast, the Court in this case advised the jury of Petitioner's admitted guilt to Count Two only after Petitioner had entered a guilty plea to this offense.

The instant case is even distinct from those in which a defendant stipulates to a factual element of the offense, such as in *Milton* where a defendant who was charged with possession of a firearm by a felon stipulated to the prior felony, because a valid guilty plea "constitutes an admission of *all* material facts alleged in the charge." *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993)(internal quotations and citations omitted)(emphasis added); *see United States v. Muse*, 83 F.3d 672, 679-80(4th Cir. 1996)(distinguishing a

stipulation as "more potent than an admission but less draconian than a guilty plea"). In *Milton*, the Fourth Circuit expressed a concern with confusing the jury if the removal of stipulated elements from the instructions left an incoherent jury charge; the Fourth Circuit also worried that courts would be able to "change the very nature of the charged crime" by "eliminating through stipulation one of the elements of the crime." *See Milton*, 52 F.3d at 81 (internal quotations and citations omitted). However, the instruction in this case that Petitioner's guilty plea to Count Two established the first element of Count Three did not risk confusing the jury regarding the remaining elements, since it still remained for the jury to consider whether he possessed specific firearms *in furtherance* of committing the offense in Count Two. Further, there is less danger of a court manipulating jury instructions to fundamentally alter the nature of the charged offense where a defendant pleads guilty to the relevant conduct than when the defendant stipulates to a single fact, or makes no stipulation or concession at all. For these reasons, Petitioner has not satisfied either the deficient performance or prejudice prong of *Strickland*, thus the Court DENIES Claim Two.

With regard to Petitioner's fourth claim, Petitioner asserts that his Fifth Amendment right against compulsory self-incrimination was violated when the Court revealed to the jury that he pled guilty to Count Two, as this guilty plea was used as conclusive proof of the first element of Count Three. Petitioner further asserts that his counsel was ineffective for not advising him that his plea of guilty to Count Two could be used as evidence against him in proving Count Three, and for not objecting to this jury instruction. Petitioner claims that he was prejudiced because there was a reasonable probability that the outcome would have been different if the Court had not informed the jury that he accepted responsibility for committing the offense in Count Two. In response, the Government asserts only that

"Claim Four is merely a rehashing of Claim 2, and must be dismissed for the same reasons as . . . Claim 2" (Govt.'s Resp. 18), that is, that Petitioner has defaulted this claim and failed to show cause and actual prejudice. For the aforementioned reasons, Petitioner has not shown cause for failing to raise his challenges to the jury instructions on direct appeal, or a miscarriage of justice. *See supra* p. 11-12. The Court need not consider the merits of this claim, but will consider Petitioner's related ineffective assistance of counsel claim.

Petitioner's claim that his counsel was ineffective for not objecting to the Court's disclosure that he pled guilty to Count Two fails under both *Strickland* prongs. The Fifth Amendment right against compulsory self-incrimination protects a defendant from being "involuntarily called as a witness against himself in a criminal prosecution" or forced "to answer official questions put to him in any other proceeding . . . where the answers might incriminate him in future criminal proceedings." *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973). This right is "aimed at protecting the accused from the indignity of being compelled to give testimony against himself," *United States v. Sweets*, 526 F.3d 122, 129 (4th Cir. 2007), but in this case, Petitioner *chose* to admit his guilt to Count Two after the jury had already heard substantial evidence supporting a finding of guilt.[1] Petitioner thus cannot show that his counsel performed deficiently since there was simply no ground for such an objection.

Further, Petitioner cannot satisfy the second *Strickland* prong since, before the Court informed the jury of Petitioner's admitted guilt to Count Two, his own closing argument fully acknowledged that Petitioner engaged in drug trafficking. (*See* Tr. 168:3-

---

[1] While the "acceptance of a guilty plea does not eliminate the possibility of further incrimination," the "essence of [the Fifth Amendment protection against compulsory self-incrimination] is the requirement that the State which proposes to convict and punish an individual produce the evidence against him by the independent labor of its officers, not by the simple, cruel expedient of forcing it from his own lips." *Mitchell v. United States*, 526 U.S. 314, 326 (1999)(internal quotations and citations omitted)(emphasis removed).

6)("Ladies and gentlemen, Denard Carrington had a large amount of cocaine in his room. He had a large amount of money in his room. He was drug trafficking. Okay? We are not going to argue that point with you.") For these reasons, Petitioner cannot show that he was prejudiced by his counsel's failure to object to the Court's disclosure of the guilty plea.

Petitioner also claims that his counsel was ineffective for not advising him that his plea to Count Two could be used as evidence against him for Count Three, that the jury would be informed of his plea, or that "his right against self-incrimination (with respect to element one of Count Three), would be terminated by pleading guilty to Count Two." (Pet'r's Mot. 9.) Each of these arguments fails under *Strickland*. Firstly, Petitioner was clearly placed on notice that his admission to Count Two was proof of the first element of Count Three because Count Three explicitly incorporates Count Two by reference. Therefore, Petitioner cannot show that he was prejudiced by any such error of his counsel. Secondly, with regard to Petitioner's claim that his counsel failed to warn him that the jury would be informed of his guilty plea, Petitioner does not show that he suffered any prejudice, for example, because he otherwise would have gone to trial on Count Two. Lastly, as discussed above, Petitioner's right against compulsory self-incrimination was not violated by the disclosure of his guilty plea, and therefore, his counsel was not deficient in neglecting to advise Petitioner of this possibility. Petitioner has not shown that his counsel's failure to object or warn him about the disclosure of his guilty plea amounts to ineffective assistance of counsel. Accordingly, the Court DENIES Claim Four.

### 3. Claim 3: Trial Counsel Misadvised Petitioner on the elements of § 924(c)(1)(B)(ii), thereby leading him to Waive his Right to Testify

Petitioner argues in Claim Three that if he had been aware at the time of trial that the machine gun provision in § 924(c)(1)(B)(ii) was an element to be found by the jury, he

would have testified, or represented himself if his counsel had prevented or advised him against testifying. Accordingly, Petitioner claims that his counsel's advice regarding the machine gun provision, though correct at the time, was subsequently faulty given *O'Brien*, and that this erroneous advice affected his ability to make an informed decision as to whether to testify. Petitioner further argues that his testimony as to his possession of and intentions with the machine gun would have had a reasonable probability of changing the outcome and persuading the jury that he did not possess the machine gun in furtherance of any drug trafficking crime. Specifically, Petitioner asserts that he would have testified that he bought the machine gun for the sole purpose of reselling it the same day to a friend who collects firearms, and that he did not knowingly possess any ammunition for this firearm. (Petr's Aff. 4-5.) Petitioner also claims he would have testified that he did not know that the 9 mm ammunition was in the home, as it was in another person's bedroom over which he had no control, and that he only possessed the handgun found in the home for protection.

Petitioner's third claim of ineffective assistance of counsel is unsuccessful. "[T]o prove ineffective assistance of counsel based on his claim that his attorney prevented him from exercising his right to testify . . . [a petitioner] must show both that his attorney violated his right to testify and that his testimony had a 'reasonable probability' of changing the outcome." *United States v. Rashaad*, 249 F. App'x 972, 973 (4th Cir. 2007). In this case, Petitioner has not shown that his counsel violated his right to testify because, as noted earlier, *supra* p. 9, Petitioner's counsel was not deficient for failing to anticipate that *O'Brien* would change the prevailing law on whether the possession of a machine gun was a sentencing factor or an element of the offense. *See Kornahrens*, 66 F.3d at 1360; *United States v. McNamara*, 74 F.3d 514, 516-17 (4th Cir. 1996). At the time Petitioner chose not to

testify, he was correctly advised that the machine gun provision of § 924(c)(1)(B)(ii) was a sentencing factor decided by the judge. Petitioner has also not shown that his testimony was reasonably likely to change the outcome. His argument that he was prejudiced by faulty advice underlying his decision to not testify is undercut by the acknowledgment during closing argument that Petitioner had not come across favorably to the jury. (*See* Tr. 170:21-25)("Please, I beg of you, separate the opinions you have of Denard Carrington. You are not going to like this guy. I understand that. Don't think about Denard Carrington. Think about the facts.") For these reasons, the Court DENIES Petitioner's third claim that ineffective assistance of counsel deprived him of his right to testify.

### 4. Claim 5: Trial Counsel was Ineffective in Failing to Object to a violation of the Speedy Trial Act

Petitioner's fifth claim asserts that his counsel was ineffective in failing to object to a violation of the Speedy Trial Act, which requires that a trial for a defendant who pleads not guilty take place within seventy (70) days of the filing and making public of the information or indictment, or the date on which the defendant appeared before a judicial officer in that court on the pending charge, whichever is later. 18 U.S.C. § 3161(c)(1). Petitioner asserts that he made his initial appearance on April 22, 2009 and that the Superseding Indictment was filed on August 20, 2009, by which time Petitioner argues that he was entitled to a dismissal of the indictment under § 3161(a)[2] because 75 non-excludable days[3] had passed. Petitioner argues that his counsel was ineffective in not objecting and moving to dismiss

---

[2] "In any case involving a defendant charged with an offense, the appropriate judicial officer, at the earliest practicable time, shall . . . set the case for trial on a day certain, or list it for trial on a weekly or other short-term trial calendar at a place within the judicial district, so as to assure a speedy trial." § 3161(a).

[3] Under § 3161(h), certain periods of delay are excluded in computing the time within which an information or indictment must be filed or a trial must commence. *See* § 3161(h).

the indictment at this time, and also on October 5, 2009, the day of jury selection when Petitioner calculates that 119 non-excludable days had lapsed. Petitioner contends that Speedy Trial violations are per se prejudicial under *Zedner v. United States*, 547 U.S. 489 (2006) and *Floresca v. United States*, 38 F.3d 706, 712-13 (4th Cir. 1994), and that the indictment would have been dismissed and the Government would have been unable to add new charges in the Superseded Indictment had his counsel objected. *See* 18 U.S.C. § 3162(a)(providing dismissal with or without prejudice as a remedy if a defendant is not brought to trial within the time limit required by § 3161(c)). Petitioner also argues that the continuance is void because the Court did not set forth orally or in writing its reasons for finding that the ends of justice merited a continuance, as required by § 3161(h)(7).[4]

Petitioner's claim that his counsel was ineffective in not raising a Speedy Trial Act objection also fails. Petitioner's speedy trial date is properly calculated from the latter of the filing of the indictment or his initial appearance, which in this case was June 4, 2009, the date that he appeared for arraignment on the initial Indictment.[5] *See* § 3161(c)(1). Seventy (70) days from this date was August 13, 2009, thus the initial trial date of August 3, 2009 was within the speedy trial deadline. Accordingly, Petitioner's counsel had no reason to object to the initial trial date, and was not ineffective under *Strickland* for failing to do so.

---

[4] § 3161(h)(7)(A)(excluding from speedy trial calculations "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.")

[5] *See* § 3161(h)(1)(D)(holding that delays resulting from pretrial motions are excludable delays); *United States v. Wright*, 990 F.2d 147, 148-149 (4th Cir. 1993)(finding no Speedy Trial Act violation because defendant's initial appearance and detention/preliminary hearing dates were pre-trial proceedings excludable under § 3161(h)(1)).

Further, Petitioner's counsel was not ineffective in failing to raise a speedy trial objection to the continued trial date. In deciding whether the ends of justice call for a continuance, the Court should consider, among other factors, "whether the case is complex or unusual, whether counsel need additional time to prepare effectively, and whether delay is necessary to ensure continuity of counsel." *United States v. Henry*, 538 F.3d 300, 304 (4th Cir. 2008); *see also* § 3161(h)(8). Petitioner correctly notes that, in continuing the trial, the Court did not expressly discuss its findings that the ends of justice served by a continuance outweighed the public's best interests and the defendant's interest in a speedy trial. (*See* Order Granting Mot. Continue, ECF No. 15); § 3161(h)(7)(A). However, the Court "is only required to state its findings on the record by the time it rules on the defendant's motion to dismiss [the indictment]," as long as it is "clear from the record that the court conducted the mandatory balancing contemporaneously with the granting of the continuance." *United States v. Keith*, 42 F.3d 234, 237 (4th Cir. 1994); *Henry*, 538 F.3d at 304.

In this case, the Court continued the trial upon due consideration and for good cause, and the continuance is not made void by the fact that the Court did not elaborate on the ends of justice considerations at that time. *See United States v. Mallory*, No. 1:09cr228, 2010 U.S. Dist. LEXIS 26042, at *7 (E.D. Va. Mar. 19, 2010)("[T]here is no talismanic requirement that the 'ends of justice' factors be enunciated at the time that the continuance is granted as long as they are considered, 'at least in the judge's mind,' at that time and put on the record by the time of the ruling on the motion to dismiss")(citing *Henry*, 538 F.3d at 304; *Zedner*, 547 U.S. at 506). Accordingly, it was not unreasonable for Petitioner's counsel to not object, especially since the continuance was for Petitioner's own benefit. It would have been both counterintuitive and disingenuous to request a continuance only to then

object that the agreed upon delay violated the Speedy Trial Act. For these reasons, Petitioner has not shown that his counsel performed deficiently concerning the potential Speedy Trial claims. Petitioner has also not shown that he was prejudiced by the delay, for instance, by the loss of compelling evidence or the inability to reach relevant witnesses. To the contrary, the additional two months gave Petitioner's counsel the requested time to prepare a defense to the significantly more serious charges Petitioner faced under the Superseding Indictment. For the above reasons, Petitioner has not established that trial counsel was ineffective under *Strickland*, and the Court DENIES Claim Five.

### B. MOTION FOR AN EVIDENTIARY HEARING

The Court DENIES Petitioner's Motion for an evidentiary hearing. An evidentiary hearing is typically required under § 2255 unless the pleadings, files, and records conclusively show that a movant is not entitled to relief. *United States v. Witherspoon,* 231 F.3d 923, 925–27 (4th Cir. 2000); *Raines v. United States,* 423 F.2d 526, 529–30 (4th Cir. 1970). The Court must hold an evidentiary hearing when the movant "presents a colorable . . . claim showing disputed facts beyond the record and a credibility determination is necessary in order to resolve the issue." *Witherspoon*, 231 F.3d at 925–27. Whether an evidentiary hearing is necessary is within the discretion of the district court. *Raines,* 423 F.2d at 530. As seen above, there are no disputed facts which are necessary to resolve the legal issues in this case. Petitioner's challenges to his sentence in light of *O'Brien*, to the jury instructions, and to his counsel's performance can be fully resolved by an examination of the record. Therefore, it is clear from the pleadings, file, and record that Petitioner is not entitled to relief, and the Court DENIES the Motion for an evidentiary hearing.

### IV.    CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2255 motion must grant or deny a Certificate of Appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings. A Certificate of Appealability should issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Specifically, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). The Supreme Court has held "a claim can be debatable even though every jurist of reason might agree . . . that petitioner will not prevail." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). For the reasons stated fully above, no law or evidence suggests that Petitioner has satisfied § 2253(c) such that he is entitled to further consideration of his claims. Accordingly, the Court DENIES a Certificate of Appealability.

## V.     CONCLUSION

For the above reasons, Petitioner's § 2255 Motion, Motion for an Evidentiary Hearing, and Motion for Summary Judgment are DENIED. A Certificate of Appealability is also DENIED.

Let the Clerk send a copy of this Memorandum Opinion to Petitioner and all counsel of record.

An appropriate order shall issue.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this __20th__ day of March 2013